Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for Malicious Prosecution, Harassment, Emotional Distress, speedy Trial

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM FOBBS

                              Plaintiff                        CIVIL ACTION:

v.

THE CITY OF NEW YORK
NEW YORK CITY POLICE DEPARTMENT

                            VERIFIED COMPLAINT
                            JURY CLAIM
                            AS TO ALL COUNTS

                            Defendants

## INTRODUCTION

Kim Fobbs ["Fobbs"] of Dutchess County, New York, asserts the following claims against the defendants in the above-entitled action:

       1. Violation of 42 U.S.C. 1983: Harassment

       2. Violation of 42 U.S.C. 1983: Malicious Prosecution

       3. Violation of 42 U.S.C. 1983: Infliction of extreme emotional distress

       4. Violation of 42 U.S.C. 1983: Violation of Speedy trial

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff Kim Fobbs ["Fobbs"] is a natural person residing in Dutchess County, New York, United States of America and was a resident of Dutchess County, NY during all relevant times of this action.

4. Defendant City of New York is a properly incorporated city in the State of New York and is being sued under "Monell" claims.

5. Defendant un-named police officers are unknown members of the NYPD. Defendant NYPD is an entity/agency of the City of New York.

FACTS

6. On or about March 23, 2011, Plaintiff alleges that she was detained at her home by several NYPD Police officers.

7. Said officers claimed there was an active criminal warrant for Ms. Fobbs arrest and claimed they had previously contacted her regarding said warrant.

8. The matter was eventually dismissed on 3/19/2015 as the people conceded they would not be able to maintain a case given their position on the record regarding trial readiness.

9. The matter was dismissed upon 30.30 motion of the Defense.

COUNT 1: VIOLATION OF 42 U.S.C. 1983: Violation of Right to a Speedy Trial

10. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 9 above with the same force and effect as if herein set forth.

11. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986, and 1988.

12. For "Monell" purposes, Defendant City of New York ("City") failed to properly train their county employees, to whit failed to properly train its District attorneys in the management of a criminal case, and its investigators on proper investigation tactics and reporting .Furthermore, we allege that it is Department policy to make arrests where allegations of criminality take place, as such all members employed by said department in a position/capacity to arrest any other individual would/should properly be trained by the department to perform said duty in a just and proper manner. We also allege that it is the general practice of the Department to fully investigate any and all matters before them, and do so in a proper and judicious manner, the failure to have done so in this matter is a breach of the aforementioned implied, and direct, policy of this department.

Furthermore, Claimant would present that Defendant New York City has an official policy of making arrests under allegations of claims of fraud, however in this instance said violation as applied to this Claimant is inherently violative of her due process rights.

Defendant City of New York has an unwritten policy, as per the stop and frisk litigation presented to this specific District where in which the Court may take judicial notice of the allegations and facts, as presented, noting that the NYPD has an unofficial 'unwritten' policy of arresting individuals without sufficient cause, permitting them to legally do so. Wright v. Town of Glenarden, 89 F 3d 831.

Finally, there is very little review of an assistant district Attorneys decision making process. There is NO other official nor governmental body which oversees the decision making process of said office, as such we would present this matter permits jurisdiction under the arm of Monell which permits such a suit where a policy makers direct decision is involved. McMillan v. Monroe City, 520 U.S. 781.

13. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime.

14. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice directly led to the false arrest and false imprisonment, of Mr. Lopez for an offense that he did not commit.

15. Acting under color of law, Defendant's engaged in a denial of Fobbs' rights privileges and immunities secured by the United States Constitution or by Federal Law, as incorporated by the Fourteenth Amendment. Specifically, but not limited to, a violation of Ms Fobbs' right to due process under the Fourth Amendment as incorporated by the Fourteenth Amendment and her right to a speedy trial.

14. There was insufficient cause to maintain an action against Fobbs, and it should have been clear to the prosecution that they did not have a facially sufficient case from the onset. Ultimately, said case was dismissed due to a failure of the People to present witnesses in a timely matter and failure to disclose witnesses

15. As a result of the Defendant's unlawful and malicious action Fobbs was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth and Sixth Amendment of the Constitution of the United States and 42 U.S.C. section 1983. Furthermore, Plaintiff alleges that the prosecutors in question were engaged in a violation of official power granted them by the government, as per *Parilla-Burgos*, 108 F.3d 449.

WHEREFORE, Plaintiff demands judgment for the violation of speedy trial provisions of the Sixth Ammendment against all Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive

damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendants conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." *Smith v. Wage*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor,* 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

## COUNT 2: VIOLATION OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

16. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 15 above with the same force and effect as if herein set forth.

17. For "Monell" purposes, Defendant City of New York, ["City"] failed to properly train their police department employees on the proper procedures for conducting a prosecution.

18. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute persons for various crimes while being indifferent to whether or not there was probable cause or sufficient evidence to show that that person committed the crime.

19. Defendant City knew or should have known that this type of conduct, custom, unwritten police, or practice was taking place in their police department. This practice led to the false arrest and false imprisonment of Ms. Fobbs for a crime that she did not commit.

20. Defendant's intentionally and maliciously, instituted and pursued a criminal action against Ms Fobbs that was brought without probable cause and was dismissed in Lopez's favor.

21. As a result of the concerted unlawful and malicious prosecution of Fobbs the Defendant's deprived Fobbs or both her right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth and Sixth Amendment of the Constitution of the United States, and 42 U.S.C. sec 1983.

"[T]he elements required to establish malicious prosecution, . . . are

1. that the defendant commenced or continued a criminal proceeding against the plaintiff;
2. that the prosecution terminated in plaintiff's favor;
3. the absence of probable cause; and

4. actual malice."

In this instant matter, the people clearly commenced an action and said action was terminated in the favor of Defendant. We would present that there was an inherent absence of probable cause, the matter was never indicted and actually reduced from a felony and as such no probable cause can be inferred, there is further no complaining witness nor 'outside influencer' to relieve Defendant of its liability. Finally, Plaintiff believes the record and the repeated arguments on said record would show a clear indication of malice, or at the very least a presumption of malice which this court may take. Specific instances, not limited to said instances, would be:

1. Counsel for Plaintiff in the criminal proceeding (Criminal Defendant/ Civil Plainitff Fobbs) specifically noted on more than one occasion that he would stipulate to the entrance of records so as to continue forward to trial, the People repeatedly noted that they needed their witness to make out a case and would not permit Fobbs concession to stipulate ot having all evidence entered against her.
2. The People repeatedly claimed that they had a witness which was a necessary witness and unavailable due to a high risk pregnancy, and were required to present medical documentation yet never did on the record.
3. The People finally attempted to move forward with their case noting there was another witness available to testify, yet said witness was readily available to them at all times. In that the NEW witness was the partner of the other priork witness which they hoped to present. Clearly, the people would not have to go too far in finding the partner of an investigator fully under their control and clearly known to them.
4. Finally, the People refused to orally concede 30.30, speedy trial, and forced Defendant to submit written motions although it was clear they had repeatedly misrepresented their readiness status.
5. Upon Submission of a second 30.30 motion the People conceded dismissal of this matter and the matter was finally dismissed, on the record, on 3/19/2015.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of

$1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 3: HARRASSMENT

22. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. Plaintiff alleges that Officers and prosecutors of the City of New York acted in a conspiracy to harass Fobbs. To whit, she was arrested, detained, arraigned, and prosecuted for a period of approximately three years only to fully have all charges dismissed against her due to the failure of the People to present witnesses, and their deliberate misrepresentationas to their state of readiness on the matter.

24. Said conduct caused Plaintiff demonstrable injuries, pain and suffering. Furthermore this illegal conduct violated Plaintiff's clearly established rights under the 8th and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, Plaintiff demands judgment for the use of Harassment against all Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Respectfully submitted,

Kim Fobbs
By her attorney
March 7, 2015

_____/s/_____
Carlos Gonzalez, Esq.
Gonzalez Law Associates
380 Lexington Ave, 17th Floor
New York, NY 10168
212-405-2234

## VERIFICATION

I, Kim Fobbs, have read the attached filing and verify that to the basis of my knowledge all allegations and representations are true and factual, as per my information.

I further swear that any and all statements directly attributable to me are done so under oath and penalty of perjury.

_____
Kim Fobbs